# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY W. ELKINS, Jr., #Y24242, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18−cv−02019−SMY |
| JON FATHEREE, JOHN DOE 1 and MR. VITALE, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Timothy Elkins, Jr., an inmate who is currently incarcerated at Sheridan Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Centralia Correctional Center ("Centralia") and Southwestern Illinois Correctional Center ("SWICC"). (Doc. 1). Plaintiff asserts three separate claims under the First and/or Eighth Amendments against Warden Fatheree (Centralia warden), Lieutenant John Doe (Centralia transport officer), and Warden Vitale (SWICC warden). (Doc. 1, pp. 2-7; Docs. 10 and 12). He seeks declaratory judgment, monetary damages, and injunctive relief. (Doc. 1, pp. 7-8).

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this stage, the factual allegations of the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). During screening,

1

the Court will also consider whether any claims are improperly joined in this action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Warden Fatheree denied Plaintiff access to toilet tissue at Centralia for five days (August 27 – September 1, 2018), even after Plaintiff informed the warden and staff that he suffered from fecal incontinence resulting from a bowel rupture and related surgery. (Doc. 1, pp. 3-4).

An unknown officer (Lieutenant John Doe) sexually harassed Plaintiff while transporting him from Centralia to court on August 24, 2018. *Id*. Plaintiff transferred from Centralia to SWICC in late September. Warden Vitale transferred Plaintiff to another facility on October 3, 2018, in retaliation against him for pursuing a sexual harassment complaint against Lieutenant Doe. (Doc. 1, pp. 4-5). Plaintiff seeks declaratory and monetary relief against the defendants, as well as an order prohibiting prison officials from transferring him back to Centralia (or Menard Correctional Center). (Doc. 1, p. 7).

## Claims

Based on the allegations in the *pro se* Complaint, the Court deems it appropriate to designate the following enumerated Counts:

> **Count 1:** Eighth Amendment claim against Warden Fatheree for denying Plaintiff access to toilet tissue at Centralia from August 27, 2018 until September 1, 2018.
>
> **Count 2:** Eighth Amendment claim against Lieutenant John Doe for harassing Plaintiff during transport from Centralia on August 24, 2018.
>
> **Count 3:** First Amendment retaliation claim against Warden Vitale for transferring Plaintiff out of SWICC on October 3, 2018.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Severance: Counts 2 and 3

Plaintiff's claims are improperly joined in this action. *See* FED. R. CIV. P. 18, 20. Each claim involves a different defendant and arises from distinct transactions or occurrences. Only Counts 2 and 3 share common facts (*i.e.*, pertaining to harassment by Lieutenant Doe).

District courts have broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See* FED. R. CIV. P. 21; *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The Court will exercise its discretion at this time and sever Counts 2 and 3 into a separate lawsuit. *See* FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Count 1 shall remain in this action and is subject to preliminary review under 28 U.S.C. § 1915A.

## Merits Review: Count 1

The allegations in Count 1 support an Eighth Amendment claim against Warden Fatheree for depriving Plaintiff of toilet tissue for five days at Centralia. Prison officials violate the Eighth Amendment when they respond with deliberate indifference to conditions of confinement that deny inmates "the minimal civilized measure of life's necessities" and thus create an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Constitution is implicated where a deprivation is prolonged or results in some harm to the plaintiff. *Del Raine v. Williford*, 32 F.3dc 1024, 1033-34 (7th Cir. 1994).

While mere discomforts and inconveniences do not offend the Constitution, (*Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986)), Plaintiff's allegations suggest that he suffered from more than temporary discomfort or inconvenience when he was denied toilet tissue. Warden Fatheree was allegedly aware of Plaintiff's significant medical history and particular need for toilet tissue but ignored his complaints about this deprivation. Count 1 is thus subject to further review.

### Pending Motions

Plaintiff's Motions for Leave to Proceed *in forma pauperis* (Docs. 5 and 7) will be addressed in a separate order.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 2** against Defendant **JOHN DOE 1** and **COUNT 3** against **MR. VITALE** are **SEVERED** into a new case, which shall be captioned: **TIMOTHY W. ELKINS, Jr., Plaintiff vs. JOHN DOE 1** and **MR. VITALE, Defendants**.

In the new case, the Clerk is **DIRECTED** to file the following documents:

1) The Complaint (Doc. 1);
2) Plaintiff's Motions for Leave to Proceed *in forma pauperis* (Docs. 5 and 7);
3) This Memorandum and Order Severing Case.

**IT IS FURTHER ORDERED** that the **only claim remaining in this action** is **COUNT 1**, and the Clerk of Court is **DIRECTED** to caption this case: **TIMOTHY W. ELKINS, Jr., Plaintiff vs. JON FATHEREE, Defendant.** The Clerk of Court is also **DIRECTED** to **TERMINATE** Defendants **JOHN DOE 1** and **MR. VITALE** as parties in CM/ECF.

**IT IS ORDERED** that **COUNT 1** against Defendant **JON FATHEREE** survives preliminary review under 28 U.S.C. § 1915A.

With respect to **COUNT 1**, the Clerk of Court shall prepare for Defendant **FATHEREE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order Severing Case to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that if Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.  Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff and includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his IFP application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/17/2019**

s/ STACI M. YANDLE
**U.S. District Judge**

## Notice

**The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more. When the defendant has filed an answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**